UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN L. ORR, IV,

      Plaintiff,

v.

SHARON P. MEHRTENS,

      Defendant.

Case No. 23-cv-90-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff John L. Orr, IV's motion for leave to proceed *in forma pauperis* (Doc. 3) and motion to amend his prayer for relief (Doc. 7). In this case, Orr asserts that defendant Sharon P. Mehrtens was appointed his guardian in violation of his due process rights and has since been receiving Orr's pension payments as his fiduciary. He asks the Court to terminate the guardianship and refund to him the money Mehrtens has received on his behalf. In his motion for leave to amend, he seeks to increase the amount of money he seeks in his prayer for relief (Doc. 7).

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire

into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982). The Court is satisfied from Orr's affidavit that he is indigent. However, the Court does not have jurisdiction over the claim he attempts to bring in this case.

Orr's guardianship, including guardianship of his person and his estate, were address by the St. Clair County Circuit Court in the case of *In re Orr*, No. 15-P-26. In that case, Orr was determined to be a disabled adult, and a guardian—Mehrtens—was appointed for him under Illinois state law. While that case has been technically closed, it is still called for annual report hearings, the next of which is scheduled for April 11, 2023.

Orr's call for this Court to review those proceedings violates the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine, established in the cases *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), prevents a party from attempting to relitigate in federal district court a judgment entered in state court. *Feldman*, 460 U.S. at 486; *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). "In its most straight-forward presentment, the *Rooker-Feldman* doctrine bars federal jurisdiction when the federal plaintiff alleges that [his] injury was caused by a state court judgment," *Remer*, 205 F.3d at 996; *accord Schmitt v. Schmitt*, 324 F.3d 484, 486 (7th Cir. 2003), or where the state and federal court actions are so inextricably intertwined that "success in the federal court would require overturning the state court decision." *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003). The *Rooker-Feldman* doctrine prevents a federal district court from reviewing state court disability and guardianship orders as well as ongoing state court supervision of management by the guardian. *See Orr v. Walker*, No. 16-cv-178-NJR, 2016 WL 1183725, at *1 (S.D. Ill. Mar. 28, 2016); *Sykes v. Cook Cty. Circuit Court Prob. Div.*, No. 14-C-

7459, 2015 WL 1094889, at *2 (N.D. Ill. Mar. 10, 2015).

Hearing this case would necessarily require this Court to consider the propriety of the state court's competency decision, the appointment of a guardian, and the ongoing review of the guardian's performance.  Accepting any of Orr's arguments would require overturning those state court decisions and improperly interfering with the state court proceedings.  Thus, the Court does not have jurisdiction to hear this case.

Accordingly, the Court:

- **DENIES** Orr's motion for leave to proceed *in forma pauperis* (Doc. 3);
- **DISMISSES** this case for lack of subject matter jurisdiction;
- **DENIES as moot** Orr's motion for leave to amend his complaint (Doc. 7): and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  March 17, 2023**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**